UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBER N. PIZL, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC., a foreign corporation,<br><br>　　　　　Defendant. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT;**

**AND TO PLAINTIFF AMBER N. PIZL AND HER COUNSEL:**

PLEASE TAKE NOTICE that Defendant Roadrunner Transportation Services, Inc. ("Roadrunner" or "Defendant"), through the undersigned counsel, hereby invokes the jurisdiction of the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the Superior Court of the State of Washington for the County of Pierce. In support of this Notice of Removal, Roadrunner states the following:[1]

---

[1] Roadrunner reserves the right to supplement this Notice with additional facts, affidavits, or memoranda if necessary to effectuate this removal.

## I. BACKGROUND AND PROCEDURAL HISTORY

1. On November 13, 2023, Plaintiff Amber Pizl ("Plaintiff"), on behalf of herself and all others similarly situated, commenced this action against Roadrunner by filing a Complaint for Damages ("Complaint") in the Superior Court of the State of Washington for the County of Pierce in the case entitled *Amber N. Pizl v. Roadrunner Transportation Services, Inc.,* Case No. 23-2-11134-1 ("Action").

2. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibits A–F, and incorporated herein by reference, are true and accurate copies of all documents in the case file from the Superior Court of the State of Washington for the County of Pierce, as obtained by Roadrunner. The allegations of the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

3. Plaintiff served Roadrunner with the Summons and Complaint on November 13, 2023. *See* Exs. A, B, and E.

4. The Complaint purports to seek relief from Roadrunner related to Washington's Equal Pay and Opportunity Act, RCW 49.58.110, requiring certain disclosures in job postings. Specifically, Plaintiff seeks (1) damages for alleged violations of RCW 49.58.110; (2) injunctive relief; and (3) reasonable attorneys' fees and costs. *See* Ex. A.

5. Roadrunner timely filed this Notice of Removal because it is filed within 30 days of the first time receiving of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. §§ 1446(b)(3), 1446(c)(3)(A).

6. As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that Roadrunner will give written notice of the removal to Plaintiff's counsel and the Clerk of the Pierce County Superior Court.

7. Venue for this action lies in the United States District Court for the Western District of Washington under 28 U.S.C. § 1441 because it is the judicial district in which this action was filed and where the case is pending.

**Notice of Removal of Action Under 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**   Page 2

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

## II. DIVERSITY JURISDICTION EXISTS

8. A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441.

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and (2) there is complete diversity of citizenship between Plaintiff and Roadrunner. This Action meets both requirements. As such, the Action is removable pursuant to 28 U.S.C. § 1441.

### A. Plaintiff and Roadrunner are Citizens of Different States.

10. Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed. *See* 28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

11. For the purposes of federal diversity jurisdiction, "state citizenship is . . . determined by . . . state of domicile," and that "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (finding a person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely"); *Lee v. BMW of N. Am., LLC*, No. 19-0722, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice of removal, based only on plaintiff's statement of residence in the complaint, was sufficient to support removal based on diversity jurisdiction).

12. Plaintiff alleges in the Complaint that she is "a resident" of Orting, Washington. *See* Ex. A, Compl., ¶ 3.2.

13. Intent to remain may be established by multiple factors including "place of employment." *See Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009). According to her Complaint, Plaintiff applied for two job postings for positions at Roadrunner's Sumner, Washington location, which indicates her intent to stay in Washington. *See* Ex. A, Compl., ¶¶ 4.4,

Notice of Removal of Action Under 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)   Page 3

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

4.6. Consequently, Plaintiff is a Washington citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

14. For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

15. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

16. Plaintiff alleges in her Complaint that Roadrunner is incorporated in Delaware and maintains its principal place of business in Illinois. *See* Ex. A, Compl. ¶ 3.2.

17. Therefore, because Plaintiff is a citizen of Washington, and Roadrunner is a citizen of Delaware and Illinois, the parties are citizens of different states.

  **B.**  **The Amount in Controversy Requirement is Satisfied.**

18. The federal diversity jurisdiction statute provides that the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is assessed "at the time of removal." *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (recognizing that assessing the amount-of-controversy requirement "at the time of removal" means considering "damages that are claimed at the time the case is removed by the defendant" and does *not* mean "that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy").

19. A defendant must only make a "plausible allegation" of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400–01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can

**Notice of Removal of Action Under 28 U.S.C.**
**§ 1332 (DIVERSITY JURISDICTION)**  Page 4  SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

1  incorporate assumptions, including the maximum amount "put into issue," as "the amount in
2  controversy is simply an estimate of the total amount in dispute." *Id.* at 400–01 (emphasis added).

3        20.    Although Roadrunner denies that Plaintiff or any putative class member are entitled
4  to any relief, in determining the amount in controversy, the Court must assume Plaintiff's
5  allegations in the Complaint are true. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246,
6  1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the
7  plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)).

8        21.    The statute under which Plaintiff asserts her claim on behalf of herself and a
9  putative class provides **damages equal to the actual damages or five thousand dollars**, whichever
10 is greater. RCW 49.58.070.

11       22.    Therefore, given Plaintiff's allegations that she applied for two positions that
12 purportedly did not comply with Washington law, her statutory damages, according to her
13 Complaint, are at least $10,000.00 at minimum.

14       23.    Plaintiff also seeks attorney fees as set out in in the remedies sections of RCW
15 49.58.110(4) and RCW 49.58.070(1). It is well-settled that attorneys' fees are included in
16 calculating the amount-in-controversy for removal purposes. *Gonzales v. CarMax Auto
17 Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

18       24.    Plaintiff's attorney, Mr. James Pizl, previously submitted a declaration in
19 December 2020 in which he stated his hourly rate was $338. *See Oakley v. Domino's Pizza LLC*,
20 CASE NO. C20-1711 MJP, 2021 WL 509208, at *3 (W.D. Wash. Feb. 11, 2021) (noting that
21 attorney James Pizl submitted a declaration stating that his hourly rate for legal services is
22 $338/hour). It is reasonable to conservatively presume that in the three years since he submitted
23 that declaration, Mr. Pizl's hourly rate has increased to at least $400/hour.  And it is reasonable to
24 presume that Mr. Pizl would bill at least 175 hours during this case throughout discovery, class
25 certification, summary judgment, and trial.  Therefore, Plaintiff's claim for attorneys' fees places
26 another $70,000.00 in controversy.

27

**Notice of Removal of Action Under 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**     Page 5

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

25. Although Roadrunner denies Plaintiff's factual allegations and denies she is entitled to any of the relief she seeks, Plaintiff's Complaint causes Roadrunner to have a good-faith belief under LCR 101(a) that Plaintiff seeks at least $80,000.00, which exceeds the statutory threshold necessary for removal.

### III.   CONCLUSION

26. Roadrunner removes this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Roadrunner, and the amount in controversy exceeds $75,000.

27. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Roadrunner will (1) give notice to Plaintiff, and (2) file a copy of the Notice of Removal with the Superior Court of the State of Washington of the County of Pierce. Roadrunner has complied with all other requirements of § 1446 for removing this action.

28. In the event this Court has a question regarding the propriety of this Notice of Removal, Roadrunner requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

29. By filing the Notice of Removal, Roadrunner does not waive any defenses that may be available to it.

DATED this 4th day of December, 2023.

SCHLEMLEIN FICK & FRANKLIN PLLC

 /s/ Brian K. Keeley
Brian K. Keeley, WSBA No. 32121
66 South Hanford Street, Suite 300
Seattle, Washington 98134
Phone: (206) 448-8100
Fax: (206) 448-8514
Email: bkk@soslaw.com
Attorneys for Defendant

**Notice of Removal of Action Under 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**   Page 6

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

**CERTIFICATE OF SERVICE**

I am an attorney with the law firm of Schlemlein Fick & Franklin, PLLC. I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Plaintiff Amber N. Pizl:*
James B. Pizl
Entente Law PLLC
315 39th Ave SW, Ste 14
Puyallup, WA 98373-3690
Email: jim@ententelaw.com

Dated this 4th day of December, 2023.

    /s/ *Brian K. Keeley*
Brian K. Keeley, WSBA No. 32121
66 South Hanford Street, Suite 300
Seattle, Washington 98134
Phone: (206) 448-8100
Fax: (206) 448-8514
Email: bkk@soslaw.com
Attorneys for Defendant

**Notice of Removal of Action Under 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**   Page 7

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514