UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBER N. PIZL,<br><br>                Plaintiff,<br>   v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC., a foreign corporation,<br><br>               Defendant. | CASE NO. 3:23-cv-6110 DGE<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. 6), attacking Defendant's Notice of Removal (Dkt. 1).

Plaintiff's Class Action Complaint for Damages (Dkt. 1-1) started this litigation, Defendant promptly filed its Notice of Removal (Dkt. 1), and Plaintiff then filed the Motion to Remand (Dkt. 6).

Plaintiff, in her Complaint (Dkt. 1-1), makes two claims against Defendant: the individual claim of Plaintiff Pizl for violation of the Equal Pay and Opportunities Act ("EPO"), RCW 49.58, and a class action bringing the same claim for a proposed class of individuals in the

ORDER GRANTING MOTION TO REMAND - 1

same situation as Plaintiff Pizl.  The issue herein, regarding removal of the case to federal court, must be decided on the individual claim of Plaintiff Pizl, and not on the class action claim.

The issue to the Court is narrow - Defendant removes the case based on 28 U.S.C. § 1332 because of diversity between Plaintiff and Defendant (which is agreed) and on the amount in controversy exceeding $75,000.00, the jurisdictional amount for establishing federal court jurisdiction under 28 U.S.C. § 1332.  It is this jurisdictional amount that is in controversy here.

Defendant alleges, and has the burden of proving by a preponderance of the evidence, that the evidence overcomes the strong presumption against removal jurisdiction, and establishes that federal jurisdiction is proper.  Defendant's showing must include "summary judgment-type evidence."  *Fritsch v Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785 (9th Cir. 2018).  Defendant's primary showing of its position is based on the Declaration of Randall Thompson in Support of Defendant's Opposition to the Plaintiff's Motion to Remand (Dkt. 9).  Plaintiff does not offer any evidence in response, but takes the position that Defendant's showing does not establish the $75,000.00 minimum amount in controversy.

Plaintiff argues that "this is a simple case" involving two job postings wherein Defendant did not list any wage scale or salary range, as Plaintiff claims the law requires.  Plaintiff seeks the statutory penalties of $5,000.00 per alleged violation, or $10,000.00 total.  To that amount, Defendant adds attorney's fees to reach an amount in controversy in excess of $75,000.00.

The defense appears, throughout the pleadings, to speculate about what could happen in this litigation.  The defense seems to be concerned about events in the class action proceedings that are not relevant here.  The defense showing speculates about possible complexities that could arise in the litigation between Plaintiff Pizl and Defendant.  The defense speculates about attorney fees amounts and necessary litigation steps in Mr. Thompson's Declaration (Dkt. 9)

ORDER GRANTING MOTION TO REMAND - 2

based only on Mr. Thompson's experience.  The defense further speculates about side issues that could come up during litigation.

The likely damages, however, are $10,000.00, based on Plaintiff's Complaint (Dkt. 1-1). Plaintiff's clear intent is to request only those statutory damages from Defendant.  As Plaintiff argues, this is a simple case where Plaintiff wishes to take advantage of a perceived violation of a law with statutory penalties.

In examining Mr. Thompson's affidavit, (Dkt. 9) and language in Defendant's Opposition to Plaintiff's Motion to Remand (Dkt. 7), we see that counsel adopts a $415.00 per hour fee and 175 hours of legal work for an estimated fee expense of $72,625.00, for a total amount in controversy of $82,625.00, or only $7,675.00 over the jurisdictional amount.  We can, for argument purposes, assume that this is Mr. Thompson's "lodestar" figure.

There is more to consider:  A reasonable attorney's fee is first determined by the lodestar method, which "multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022).  Second, "the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar

ORDER GRANTING MOTION TO REMAND - 3

1 cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975)(abrogated on other
2 grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)). These factors are consistent with
3 Washington Rule of Professional Conduct 1.5.  Mr. Thompson overlooks those fee
4 considerations.

5     What is missing from Mr. Thompson's estimate that might affect his lodestar?  Would the
6 amount involved, $10,000.00, likely result in a reduction in the fee to be charged, based on
7 handing the case to a low-paid associate?  Similarly, the experience, reputation, and ability of
8 counsel required does not seem to call for the most experienced and able counsel.  No similar
9 awards in similar cases are offered.  The time and labor required remain in issue.  These
10 outstanding issues, and Mr. Thompson's estimates, offered with nothing more than his
11 experience, leads this Court to conclude that Mr. Thompson's estimate, based on his conclusory
12 allegations, is not credible nor believable as applied to this case.  This Court should disregard his
13 conclusion.  The amount in controversy proven, therefore, is not above the jurisdictional amount
14 of $75,000.00.

15     It appears that Defendant's showed an objectively reasonable basis for seeking removal
16 (Mr. Thompson's Declaration, Dkt. 9) even though the Court found it not credible.  Fees under
17 28 U.S.C. § 1447(c) are not awardable.

18     Accordingly, it is now ORDERED:

19     Plaintiff's Motion to Remand (Dkt. 6) is hereby GRANTED;  and it is further

20     ORDERED that this matter is hereby remanded to the Superior Court in and for Pierce
21 County, Washington.

22     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
23 to any party appearing pro se at said party's last known address.

24

1  Dated this 27th day of March, 2024.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION TO REMAND - 5